IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| AUTOMOTIVE PROFESSIONALS, INC., | ) |
| | ) Case No. 07 B 06720 |
| Debtor. | ) |
| | ) |
| | ) Honorable Carol A. Doyle |
| FRANCES GECKER, not individually but as | ) |
| Ch. 11 Trustee of the bankruptcy estate of | ) |
| Automotive Professionals, Inc. and the OFFICIAL | ) |
| COMMITTEE OF UNSECURED CREDITORS | ) |
| of Automotive Professionals, Inc., | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Adversary No. 08 A 00089 |
| | ) |
| MARATHON FINANCIAL INSURANCE CO., | ) |
| INC., RRG, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The Chapter 11 trustee of Automotive Professionals, Inc. ("API") and the Official Committee of Unsecured Creditors ("Committee") filed this adversary proceeding against Marathon Financial Insurance Co., Inc., RRG. They allege claims of fraudulent transfer, breach of contract, unjust enrichment, promissory estoppel and fraud in the inducement. Marathon moved to dismiss the Committee as a party for lack of standing. The trustee then filed a motion in API's bankruptcy case to authorize the Committee to join as a plaintiff in the adversary proceeding against Marathon. Because the trustee is properly pursuing these claims, the Committee does not have standing to assert them. The trustee's motion to permit the Committee

to join as a plaintiff is therefore denied, and Marathon's motion to dismiss the Committee as a party is granted.

### A.   Factual Background

API sold vehicle service contracts to consumers that covered certain repair costs after the manufacturer's warranty expired. Many of API's service contracts are backed by insurance policies issued by Marathon. The complaint alleges that Marathon issued the insurance policies knowing that it would never be liable under them for various reasons. The plaintiffs seek to recover alleged fraudulent transfers under §§ 544(b) and 548(a) of the Bankruptcy Code relating to the issuance of the policies and API's payment of premiums to Marathon. The complaint also alleges various state law claims (fraud in the inducement, breach of contract, promissory estoppel and unjust enrichment) on behalf of API.

Marathon recognizes that the trustee has standing to assert the claims in the complaint. It argues, however, that the Committee has no standing to assert the claims in its own right and therefore is not a real party in interest who can assert claims against Marathon. The court agrees.

### B.   Constitutional and Prudential Standing

Every plaintiff in federal court must establish that it has standing to assert its claims, *i.e.*, that it is entitled to have the court decide the merits of the dispute. Warth v. Seldin, 422 U.S. 490, 498 (1975). Federal courts apply two distinct standing analyses: constitutional standing and prudential standing. Swearingen-El v. Cook Co. Sheriff's Dept., 456 F. Supp. 2d 986, 989 (N.D. Ill. 2006).

The constitutional aspect of standing focuses on "the basic question of justiciability: whether the plaintiff has made out a case or controversy between himself and the defendant within the meaning of Article III" of the Constitution. FMC Corp. v. Boesky, 852 F.2d 981, 987 (7th Cir. 1988) (citations omitted). The Supreme Court has held that, "at an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendants,' ... and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 472 (citing Gladstone, Realtors v. Vill. of Bellwood, 441 U.S. 91, 99 (1979); Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 38, 41 (1976)).

Prudential standing, on the other hand, "stems not from the Constitution but from prudent judicial administration ... [A] court may decide that in certain instances policy militates against judicial review, such as when the wrong party in interest files a suit." Swearingen-El, 456 F. Supp. 2d at 990. A party lacks prudential standing if it asserts a "generalized grievance," is not the real party in interest but asserts a third party's rights, or asserts an injury outside the "zone of interests" a given statute was designed to protect. Valley Forge, 454 U.S. at 474-75; FMC Corp., 852 F.2d at 988.

Thus, under prudential standing principles, a party has standing to prosecute a suit in the federal courts only if it is the real party in interest to the action. U.S. v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969); see also Fed.R.Civ.P. 17(a) (applicable in this bankruptcy case pursuant to Fed.R.Bankr.P. 7017). A real party in interest is "the person holding the

substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." Farrell Constr. Co. v. Jefferson Parish, La., 896 F.2d 136, 140 (5th Cir. 1990). Therefore, "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge, 454 U.S. at 474-75 (citing Warth, 422 U.S. at 499); see also FMC Corp., 852 F.2d at 988 (plaintiff must generally assert its own legal rights and interests; it cannot rest its claim on the legal rights of third parties); 936.71 Acres of Land, 418 F.2d at 556 (real party in interest is one who possesses the right under substantive law that is sought to be enforced).

Marathon asserts that the Committee is not a real party in interest in the adversary proceeding. Marathon concedes that the trustee has standing to bring the fraudulent transfer claims under §§ 544(b) and 548(a)(1) of the Bankruptcy Code because those provisions expressly give the trustee authority to pursue those claims. 11 U.S.C. §§ 544(b), 548(a)(1); Koch Refining v. Farmers Union Central Exchange, Inc., 831 F.2d 1339, 1342-43 (7th Cir. 1987). The trustee also has standing to bring the state law claims against Marathon under § 323 of the Bankruptcy Code, 11 U.S.C. §323, which provides that a trustee is the representative of the estate who has capacity to sue and be sued, as well as §§ 1106 and 704(a)(1), which allow a chapter 11 trustee to bring suit to reduce claims held by the estate to money for distribution to creditors. Id; 11 U.S.C. §§ 1106(a); 704(a)(1). Marathon argues, however, that *only* the trustee can assert these claims, not the Committee.

### C. Derivative Standing

The trustee responds that although she has standing to sue, the Committee should also be permitted to join her as a plaintiff because the Committee has significant expertise in pursuing these kinds of cases against insurance companies. In fact, the Committee's counsel represented plaintiffs in a class action suit filed against Marathon and other parties before API filed its bankruptcy petition. The trustee therefore seeks to take advantage of Committee counsel's expertise while she retains supervision over the litigation.

The trustee argues that bankruptcy courts have frequently permitted creditors' committees to assert claims on behalf of bankruptcy estates. She is correct that courts have frequently granted derivative standing to committees allowing them to step into the shoes of the debtor or trustee, but usually in limited circumstances when the debtor or trustee either refuses or otherwise fails to assert the claims directly. Even though §§ 544(b), 548(a), and other provisions of Chapter 5 of the Bankruptcy Code give standing only to the trustee, many courts have permitted committees or individual creditors to pursue the trustee's rights for the benefit of the estate when the trustee has refused the pursue the claim and the committee has obtained bankruptcy court approval to sue in the trustee's stead. E.g., Fogel v. Zell, 221 F.3d 955, 965 (7th Cir. 2000) (bankruptcy court may confer derivative standing on a creditor if the trustee unjustifiably refuses demand to bring action); In re Perkins, 902 F.2d 1254, 1258 (7th Cir. 1990) (citing factors for derivative standing when the trustee "unjustifiably refuses" a demand to pursue action to collect an asset of debtor); Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.), 330 F.3d 548, 566-67 (3rd Cir. 2003) (committee

could pursue fraudulent transfer action under § 544(b) when debtor-in-possession refused to do so and bankruptcy court authorized committee to proceed derivatively).

Courts generally require the committee or creditor seeking derivative standing to establish that the trustee or debtor unjustifiably refuses to pursue the claim, that the claim is colorable and it is in the best interests of the estate that the action be pursued. Fogel, 221 F.3d at 965; Perkins, 902 F.2d at 1258 (stating that committee may prosecute an action when the trustee unjustifiably refuses to pursue it, the creditor establishes colorable claim, and the creditor seeks leave from the court); In re Xonics Photochemical, Inc., 841 F.2d 198, 203 (7th Cir. 1998) (holding that a creditor can seek the bankruptcy court's permission to bring derivative suit in name of debtor if it shows that the debtor-in-possession was "shirking his statutory responsibilities."); Unsecured Creditors Committee of Debtor STN Enterprises, Inc. v. Noyes (In re STN Enterprises), 779 F.2d 901, 905 (2nd Cir. 1985).

Some courts have extended this principle to permit a creditor or committee to pursue a trustee's claim when the trustee does not refuse to prosecute it but instead agrees that the committee should pursue the claims on behalf of the bankruptcy estate. E.g., In re Commodore International Ltd., 262 F.3d 96, 100 (2nd Cir. 2001) (derivative standing given to committee when the debtor-in-possession consented to prosecution by the committee in its stead); In re Spaulding Composites Co., Inc., 207 B.R. 899, 903-04 (9th Cir. BAP 1997) (bankruptcy court may confer derivative standing on committee based upon agreement of debtor-in-possession and committee). However, in each such case, the trustee or debtor-in-possession declined to pursue its claims directly and therefore only one party - the committee granted derivative standing - asserted the trustee's claims against the defendant.

A few courts have even permitted a debtor-in-possession or trustee to have "joint standing" in accordance with an agreement between the debtor or trustee and a creditor or committee, allowing both parties to be plaintiffs pursuing the trustee's claims. In re Housecraft Industries USA, Inc., 310 F.3d 64, 70-72 (2nd Cir. 2002); In re Adelphia Communications Corp., 330 B.R. 364, 373 (Bankr. S.D.N.Y. 2005). The Housecraft court expressly expanded the concept of derivative standing beyond its previous decision in Commodore to allow a creditor to pursue a fraudulent transfer action jointly with the chapter 7 trustee in accordance with the terms of a joint prosecution agreement. 310 F.3d at 70-72. In fact, the court stated that the case for recognition of the creditor's standing is more compelling because the "trustee is also a named plaintiff and [the defendant] has not challenged his standing." Id. at 70-71. Because the creditor was not replacing the trustee, the court determined that the creditor only had to establish that its participation was in the best interests of the estate and necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings. Id. at 71.

The Housecraft court reached this decision, however, without analyzing the prudential standing requirements imposed on all federal plaintiffs. While there is a long history of courts permitting creditors or committees to pursue a trustee's cause of action when the trustee chooses not to pursue it, see, e.g., Cybergenics, 330 F.3d at 563-64, these decisions do not offend notions of prudential standing because a party is simply being permitted to step into the shoes of the party with standing. Thus, the committees or creditors given derivative standing were filling the empty shoes of the trustee, who clearly had standing to pursue them. In Housecraft, however, the trustee was suing in his own right so there were no empty shoes for the creditor to fill. The court simply allowed another party who had no standing to sue in its own right to assist the real party

in interest (the trustee), who was also a plaintiff. The court, in effect, allowed the trustee and creditor to create the creditor's standing by a private agreement even though it did not possess any right of its own that it sought to enforce.

The court declines to follow the holding in Housecraft and instead concludes that a committee may obtain derivative standing only when a trustee or debtor does not sue on its own behalf. To conclude otherwise is to confer a type of "helper" or "buddy" standing upon a party who is not asserting his own right under substantive law but seeks merely to assist the rightful plaintiff in pursuing his case. Granting such "buddy" standing violates the important principle of prudential standing that each party possess the right to the relief sought under substantive law. Although the Seventh Circuit has not directly addressed whether a bankruptcy court can confer standing on a party to assist a trustee as a co-plaintiff, it has consistently discussed derivative standing as permissible only when the trustee or debtor unjustifiably refuses to pursue a claim. E.g., Fogel v. Zell, 221 F.3d at 965; In re Xonics, 841 F.3d at 203; In re Perkins, 902 F.2d at 1258.

In this case, the Committee has no standing in its own right to assert any of the claims in the complaint. Because the trustee is a plaintiff asserting her own rights as trustee, there is no unexercised right to sue that can be conveyed to the Committee on a derivative basis. The trustee is already standing in her own shoes in the adversary proceeding so there are no empty shoes available to provide a basis for derivative standing for the Committee.

While there may be efficiencies for the estate that result from joining the Committee as a plaintiff, this possibility alone is insufficient to confer standing on the Committee. There are

other ways for the trustee to obtain the assistance of the Committee's counsel that do not violate the fundamental standing principle that requires every plaintiff to be a real party in interest.

### Conclusion

Because the trustee has sued in her own right, the court denies her motion to allow the Committee to pursue those claims jointly with her. Marathon's motion to dismiss the Committee as a party in the adversary proceeding for lack of standing is granted.

Dated: June 17, 2008

ENTERED:

_____
CAROL A. DOYLE
United States Bankruptcy Judge